fee paid #P33-318

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

'05 OCT 14 P 2:30

FILED
US DISTRICT COURT CLERK
WESTN. DIST. KENTUCKY

LEROY A. KENDRICK )
 )
    PLAINTIFF )
 )
 ) CIVIL ACTION NO. 5:05CV-204-R
 )
v. )
 )
CHRISTIAN COUNTY FISCAL COURT d/b/a )
CHRISTIAN COUNTY JAIL )
 )
    Serve:  J. Michael Foster )
           Christian County Attorney )
           209 E. 14th Street )
           Hopkinsville, KY  42241 )
 )
And )
 )
LIVY LEAVEL, in his individual capacity and )
In his official capacity as Christian Co. Jailer )
 )
    Serve:  Livy Leavell, Jailer )
           Christian County Jail )
           410 W. 7th Street )
           Hopkinsville, KY  42240 )
And )
 )
MANDY HOWARD, in her individual capacity and )
In her official capacity as Christian Co. Jailer )
 )
    Serve:  Mandy Howard )
           8575 Dawson Springs Road )
           Crofton, KY  42217 )
And )
 )
BRUCE GLOVER in his individual capacity and )
In his official capacity as Christian Co. Jailer )
 )
    Serve:  Bruce Glover )
           8503 Dawson Springs Road )
           Crofton, KY 42217 )
And

BRYAN THOMAS, in his individual capacity and )
In his official capacity as Christian Co. Jailer )
)
    **Serve:** Bryan Thomas, Jailer )
           Christian County Jail )
           410 W. 7th Street )
           Hopkinsville, KY 42240 )
And )
)
STEVE FUTRELL, in his individual capacity and )
In his official capacity as Christian Co. Jailer )
)
    **Serve:** Steve Futrell )
           210 Browning Place )
           Hopkinsville, KY 42240 )
And )
)
STEVE HOWARD, in his individual capacity and )
In his official capacity as Christian Co. Jailer )
)
    **Serve:** Steve Howard )
           8575 Dawson Springs Road )
           Hopkinsville, KY 42217 )
)
                DEFENDANTS )

## COMPLAINT

\* \* \* \* \* \* \*

Comes the Plaintiff, Leroy Kendrick, by counsel, and for his Complaint against the Defendants, Christian County Fiscal Court, d/b/a Christian County Jail, Livy Leavell, Mandy Howard, Bruce Glover, Bryan Thomas, Steve Futrell, and Steve Howard, states as follows:

### PARTIES

1. The Plaintiff is an adult African-American male and a resident of Christian County, Kentucky, and was, at all times relevant to this Complaint, an employee of Defendant Christian County Jail.

2

2. At all times material herein, Christian County Fiscal Court, d/b/a Christian County Jail (hereinafter "Jail") was Plaintiff's "employer" and was located in Christian County, Kentucky. At all times relevant hereto, Defendant Jail was a political subdivision of the Commonwealth of Kentucky, operating under the color of law with the capacity to sue and be sued, and, at all times pertinent hereto, Defendant Jail employed the Plaintiff and Defendants L. Leavell, M. Howard, B. Glover, B. Thomas, S. Futrell, and S. Howard.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f), inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This District possesses venue of this matter pursuant to 42 U.S.C. § 2000e-5(f). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal employment discrimination.

4. Plaintiff filed a Complaint with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, including violations of racial discrimination. On or about June 7, 2005, the EEOC made a determination of reasonable cause to believe the Plaintiff was discriminated against on the basis of his race by Defendant Jail. On or about August 16, 2005, Plaintiff received notification from the United States Department of Justice of his right to commence this litigation within ninety (90) days of receipt of said notice. (Copies of determination and Right to Sue letter attached.)

## COUNT I
### Discrimination on the Basis of Race
### Disparate Treatment and Racially Hostile Environment

5. During the course of Plaintiff's employment, the Defendant Jail, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions and

privileges of his employment in various ways, in substantial part because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and KRS 344 et. seq.

6. That the specific acts of racial discrimination against the Plaintiff were continuous, severe and pervasive enough to create a racially hostile environment for Plaintiff. On numerous occasions the Plaintiff reported the racially motivated actions of his supervisors and co-workers, but Defendant Jail failed to take any appropriate or corrective action to protect the Plaintiff. The racially hostile environment Plaintiff suffered was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and KRS 344 et. seq.

7. As a direct and proximate result of Defendant Jail's conduct, Plaintiff has suffered and continues to suffer severe emotional distress, embarrassment and humiliation. Further, as a direct and proximate result of the Defendant Jail's illegal conduct towards him, the Plaintiff has lost wages and other benefits of employment, and has suffered personal indignity and mortification of feelings and endured mental pain and suffering, for all of which he seeks to recover substantial compensatory damages.

## COUNT II
### Discrimination on the Basis of Race
### Wrongful Termination

8. Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every allegation made in the previous paragraphs of this Complaint.

9. On or about October 5, 2004, the Defendant Jail, by and through Defendant Livy Leavell terminated the Plaintiff on the basis of his race. This termination was wrongful and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and KRS 344 et. seq.

10. As a direct result of Defendant Jail's conduct, Plaintiff has suffered and continues to suffer severe emotional distress, embarrassment and humiliation. Further, as a direct and

4

proximate result of the Defendant Jail's illegal conduct towards him, the Plaintiff has lost wages and other benefits of employment, and has suffered personal indignity and mortification of feelings and endured mental pain and suffering, for all of which he seeks to recover substantial compensatory damages.

## COUNT III
### Intentional Infliction of Emotional Distress/Outrage

11.   Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every allegation made in the previous paragraphs of this Complaint.

12.   The offensive, malicious and inappropriate conduct complained of above was done intentionally and with the goal of causing the Plaintiff extreme emotional distress and/or was done with reckless indifference to Plaintiff's rights and well being.

13.   The conduct was designed to intimidate and/or otherwise degrade and control Plaintiff.

14.   As a direct and proximate result of the Defendants' aforementioned conduct, severe emotional distress was inflicted on Plaintiff, with knowledge that said conduct would cause such injuries.

15.   As a direct and proximate result of said conduct, Plaintiff suffered and continues to suffer, severe emotional distress, humiliation and embarrassment.

## COUNT IV
### Violation of Plaintiff's Right to Due Process

16.   Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every allegation made in the previous paragraphs of this Complaint.

17.   That at no time before or after the Plaintiff's termination from his employment with the Christian County Jail was he informed of or provided with the Christian County

5

Administrative Code, adopted by Action of Christian County Fiscal Court on the 22nd day of May 2001, drafted by J. Michael Foster, Christian County Attorney.

18.     That Section 5.54 of the above-mentioned Code provides for a grievance procedure for any dispute that an employee may have with Christian County. Plaintiff was never notified of the Code or any procedures relating to the grievance process, or any other rights he may have had as an employee of the Defendant Jail.

19.     That Defendant Jail's failure to notify Plaintiff of his due process rights constitutes a violation of said administrative code and a violation of Plaintiff's due process rights outlined in Section 2 of the Kentucky Constitution. Said termination also violates KRS 71.060.

## COUNT V
### Conspiracy and Retaliation

20.     Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every allegation made in the previous paragraphs of this Complaint.

21.     That Defendant Jail, by and through its agents and employees Livy Leavell, Mandy Howard, Bruce Glover, Bryan Thomas, Steve Futrell, and Steve Howard conspired to discriminate against the Plaintiff on the basis of his race and did in fact do so.

22.     That Defendant Jail, Livy Leavell, Mandy Howard, Bruce Glover, Bryan Thomas, Steve Futrell, and Steve Howard retaliated against Plaintiff for making complaints of racial hostility and disparate treatment.

23.     That the above-named Defendants' conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., KRS 344.280, and 42 U.S.C. § 1985.

24.     That as a direct and proximate result of said conduct, Plaintiff suffered and continues to suffer, severe emotional distress, humiliation and embarrassment, and past, present and future loss of wages and other fringe benefits.

**WHEREFORE**, Plaintiff Leroy A. Kendrick demands judgment against the Defendants, individually and severally for:

1. His lost wages, including front and back pay and fringe benefits;

2. His emotional distress, past, present and future;

3. His humiliation, past, present and future;

4. Punitive damages to punish the Defendants for their willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

5. Trial by jury on all issues so triable;

6. His costs expended herein, including reasonable attorneys' fees; and

7. Any and all other relief to which he may be entitled.

Respectfully submitted,

Garry R. Adams, Esq.
Thomas E. Clay, P.S.C.
CLAY, KENEALY, WAGNER & ADAMS, PLLC
Suite 1730 Meidinger Tower
462 South Fourth Avenue
Louisville, Kentucky  40202
(502) 561-2005
(502) 589-5500 facsimile

By: _____
     Garry R. Adams, Esq.